[No. 2897. June 12, 1926. Rehearing Denied Aug. 10, 1926.]

### CALVERT et al. v. SPARKS et al.

[248 Pac. 883.]

#### SYLLABUS BY THE COURT

A real estate broker does not abandon his employment or forfeit commissions by insistence upon the inclusion, in the contract of exchange, of provision for payment of commissions, and by declining to proceed further without such provision in the contract, if his conduct does not prevent the trade, but merely jeopardizes and delays it for one day.

Appeal from District Court, Chaves County; Brice, Judge.

Action between O. M. Sparks and another, partners doing business under the firm name of Sparks & Rogers, and George H. Calvert and another. Judgment for the former, and the latter bring error. Affirmed, and cause remanded.

H. C. Maynard, of Roswell, for plaintiff in error.

J. D. Mell, of Roswell, for defendants in error.

#### OPINION OF THE COURT

WATSON, J. By the judgment of the district court for Chaves county, defendants in error, O. M. Sparks and J. F. Rogers, copartners as real estate brokers un-

[1]   9CJ p. 568 n. 75 New.

der the firm name of Sparks & Rogers, recover $750 against each of the plaintiffs in error as commissions upon the exchange of property between George H. Calvert, one of the plaintiffs in error, and J. H. Parsell, deceased, represented in this suit by Mary E. Parsell, his administratrix, the other plaintiff in error.

Calvert was the owner of a certain farm and personal property near Dexter, N. M., which he claims to have listed for sale with John Peavy, a Roswell real estate broker. Parsell was the nominal owner, at least, of certain real estate and a stock of goods at Bluff City, Kan. One George H. Gerlach, of Canadian, Texas, claimed to have this property for sale.

Peavy, under some sort of an indefinite agreement with Sparks & Rogers, for a division of commission, authorized the latter to negotiate a sale of the Calvert property. Pursuant to negotiations conducted principally between Sparks & Rogers on one side and Gerlach on the other, the parties met at the Calvert place near Dexter, and agreed upon an exchange of their properties. They thereafter went to Roswell, where a contract was drafted embodying all the terms of the agreement reached between Parsell and Calvert, both of whom appear to have been ready and willing to execute the same. At this point, Sparks & Rogers insisted that there should be included in the contract an express provision covering the commission to be paid to them. Although Mr. Gerlach, on the part of Parsell, objected that this was unnecessary, he consented to the arrangement, and dictated, and there was embodied in the contract, the following provision:

"Each one of the contracting parties pays to Sparks & Rogers two and one half per cent. (2½) on the net amount of the property which is involved in this trade. Each party to this contract makes their own settlement with Sparks & Rogers."

At this point, Mr. Calvert objected that, before signing such agreement as to commissions, he desired to settle with Mr. Peavy the question of his liability to him. Thereupon he and Sparks & Rogers visited Mr.

Peavy, and endeavored to effect an agreement between Sparks & Rogers and Peavy as to the division of the commission. These parties failed to agree, Mr. Peavy giving Mr. Calvert to understand that he should look to him for one-half of the commission on the sale of his land, and advising or instructing Calvert to sign no contract providing for the payment of the commission to Sparks & Rogers. Sparks & Rogers and Mr. Calvert then returned to the place where the negotiations were under way, and reported the failure to agree. Thereupon the negotiations terminated for the day; assertions being made that the "deal was off." Plaintiffs in error take the position that the deal was declared off by Sparks & Rogers and Peavy. Defendants in error take the position that the deal was declared off by Gerlach, acting for Parsell. Defendants in error contend that, although they continued to insist that the contract to be signed contain the provision as to payment of commissions to them, they did not definitely declare the trade off, but asked that they be allowed until the next day to reach an agreement with Mr. Peavy. They further contend that they did, early the next day, reach a satisfactory agreement with Mr. Peavy, under which the contract, as drafted, might have been executed, and that they communicated this agreement to Calvert and to Parsell. This plaintiffs in error deny.

After the deal was declared off, Mr. Gerlach returned to his home, and Mr. Calvert and Mr. Parsell went together to Dexter, where, the next day, they signed the contract which had been drafted, simply striking out all provisions as to commissions.

The judgment is attacked in this court upon the grounds that the evidence fails to show any contract between plaintiffs in error and Parsell under which the former were acting for the latter in the transaction, or were entitled to commission; that the evidence fails to show any such contract between plaintiffs in error and Calvert, but, on the contrary, shows that the contract was between Calvert and Peavy, who, alone, was

in a position to sue; that in any event defendants in error, by their conduct in declaring the deal off and terminating the negotiations, abandoned their employment, and forfeited their right to a commission.

The issues were very loosely made by the pleadings. The material facts are in dispute. No findings of fact or conclusions of law were asked for or made. No specific exceptions were taken to the judgment. It is rather doubtful whether any questions have been properly reserved for review. We have, however, examined the record with care, and have reached the conclusion that the judgment should not be disturbed. While we have considered the several contentions made by plaintiffs in error, we do not think it would be profitable to discuss them here. Certain broad considerations, which we shall state, induce our conclusion.

We do not think that Parsell's administratrix can well question that a contract existed between her intestate and the defendants in error. It is her claim that her intestate was represented by Gerlach, who, if any one, is entitled to the commission upon the Kansas property. It appears, however, that both Gerlach and Parsell were present and acquiesced in the insertion in the contract of the provision which led to the difficulty.

As to the contract relation between Calvert and defendants in error, the only question was whether it was defendants in error or Peavy who could properly recover the commission. Peavy intervened in the cause, and testified, and was represented by counsel at the trial. His pleading in intervention is not in the record, but we assume that he therein asserted whatever interest he claimed to have in the commission. The judgment recites that Peavy's "plea of intervention" was dismissed by his attorney after the trial. Peavy's claim to the commission being thus disposed of, and the question being simply between Calvert and Sparks & Rogers, we think there is sufficient evidence of a contract between them to support the judgment.

This leaves only the question of abandonment of their employment by defendants in error. It seems to be assumed in argument that the brokers had the power and the right to declare the deal off and to prevent the consummation of the trade. Of course, this is not true. There was nothing to prevent the interested parties from going on with their contract, leaving for future settlement the amount of commissions and who were entitled to receive them. This, in fact, they did do the next day. Admitting that the brokers endangered the trade by their controversies over the commissions, it is clear that they did not prevent it. If the trade had fallen through, we can understand how the conduct of the brokers might be set up as a defense to their claim for commissions. We cannot understand, however, how such a defense can be maintained when the trade was merely jeopardized, but not prevented.

No question of procuring cause is raised. It is, of course, the theory of plaintiffs in error that the conduct of the brokers resulted in a split between the parties to the trade, who, having abandoned negotiations, thereafter made a new trade, independently of the brokers. The trial court, in defining the issues to be argued, expressly found against plaintiffs in error on this point. With his finding we fully agree.

Finding no error in the judgment, it is to be affirmed, and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.